Judge Owsley
delivered the opinion of the court.
This was a joint action brought upon a joint obligation by Simpson against Jouitt and Coleman.
The process was served upon Jouitt, and as to Coleman, returned not found.
Jouitt failing to appear, judgment by default was taken against him only, and no entry made either continuing or otherwise disposing of the cause as to Coleman.
Jouitt brought the cause to this court, and the judgment of the circuit court was reversed on the grounds of the action being joint, and the return of the officer upon the process as to Coleman not being such as authorised a separate judgment against Jouitt.
The cause being remanded, it was again placed upon the docket of the circuit court, and an alias having issued, the sheriff returned, as to Coleman, no inhabitant. Whereupon, the action as to him was abated; and Jouitt still failing to plead, judgment was again taken against him by default: and from that judgment Jouitt has appealed to this court.
We have no doubt the proceedings and judgment are strictly correct.
Until an entry, made in court, discontinuing the cause as to Coleman, in legal contemplation the action must be considered depending as to him; and upon the cause being returned from this to the circuit court, it was strictly correct to cause an alias to issue for the purpose of having it either executed or returned by the sheriff in a manner which would authorise a judgment against Jouitt. It was not, however, necessary for the alias to be served upon Jouitt; for as he had been served with the original process, that *372 service was as effectual to every legal purpose as if the alias had been served upon him.
Bibb for appellant, Anderson contra.
The judgment must be affirmed with cost and damages.